IN THE MATTER OF THE APPLICATION OF D. L. AKWAI FOR A WRIT OF MANDAMUS AGAINST J. A. McCANDLESS, SUPERINTENDENT OF PUBLIC WORKS.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JANUARY 5, 1901. DECIDED JANUARY 11, 1901.

FREAR, C.J., GALBRAITH AND PERRY, J.J.

The Superintendent of Public Works must grant a building permit under Sections 1078-1085 of the Penal Laws when the applicant has complied with the provisions of the statute, notwithstanding the executive officers of the Board of Health refuse to approve the premises in question and the Board decides that the premises are deleterious to the public health and passes a resolution forbidding the granting of a permit to build on the premises.

OPINION OF THE COURT BY FREAR, C.J.

The petitioner seeks to compel the respondent by mandamus to issue to him a building permit under sections 1078-1085, Penal Laws, the respondent having, as alleged, refused to do so for about five months without assigned reason other than that he did so for the public good, although the petitioner had complied with all the requirements of the law.

The defense is that the Board of Health, on the 23rd of last November, three days after the commencement of these proceedings and the day before the return day, passed the following resolution: "Whereas, in the opinion of the Board of Health, that district or parcel of land situated in the district of Honolulu, Island of Oahu, bounded by Beretania, Nuuanu, Kukui and River streets is deleterious to the public health, in consequence of being low and at times covered or partially covered with water, and at all times improperly drained and incapable of effectual drainage, and is in an insanitary and dangerous condition, Therefore, it is resolved, that all permits for buildings to be erected in said area shall be denied until the level of the same has been raised to the grade of the public highway or highways adjoining"; that the petitioner's premises are a part of the district covered by the resolution; that the petitioner had not complied with the resolution; and that the executive officers of the Board of Health had after the passage of such resolution and in consequence thereof revoked the approval previously given by one of them as to the premises in question.

The statute does not make the approval of the Board of Health or any of its officers a prerequisite to the granting of a building permit and consequently the revocation of any such approval is immaterial.

The resolution of the Board was directed to the granting of permits and not to the use or occupation of alleged insanitary premises or to the making of such premises sanitary. Not only had the Board nothing to do with building-permits and had no authority to pass a resolution in direct contravention of the statute which made it obligatory on the Superintendent of Public Works to grant the permit upon the applicant's complying with the provisions of the statute, but it went out of its own proper sphere of action as to the method of accomplishing the desired end. While it has large powers for the protection of the public health and safety it must use appropriate means to accomplish ends within the scope of its powers. It could no more prohibit the granting of a building-permit than it could prohibit the exe-

cution of a lease of the premises or the execution of a contract to erect a building thereon. The grant of a permit would not of itself endanger the public safety nor would it necessarily lead to anything that would endanger the public safety. Many good reasons may easily be imagined for obtaining a permit upon certain premises even though in an insanitary condition without any intention of doing anything prejudicial to the public health or safety.

Perhaps respondent's main reliance is upon the preamble to the resolution—to the effect that the district in which the premises are situated is deleterous to the public health. It is contended that this finding by the Board is *prima facie* correct, that no one has a vested right to erect a building, that any right to build is subject to the public safety which is the supreme law, and that no court can compel an officer to grant a permit to build in contravention of that highest law. One answer to this is that the statute makes it mandatory upon the Superintendent of Public Works to grant the permit upon the applicant's complying with the provisions of the statute, and that he cannot, any more than any private citizen can, interfere with the rights of the applicant outside of the scope of the statute. The statute relates mainly to the construction of the building with reference to stability and safety from fire, and the permit amounts practically to a certificate that the plans and specifications are satisfactory in these respects. It does not give the applicant an absolute right to build irrespective of the public safety or of the exercise of any authority, if any exists, that might otherwise prevent the erection or occupation of the building. The applicant had a right to build unless prevented by lawful authority. The respondent had no such authority. He did not have authority even to refuse a building-permit, the applicant having complied with the conditions prescribed by the statute.

The order of the Circuit Judge for a peremptory writ is affirmed.

*L. Andrews* for applicant.

*Attorney-General E. P. Dole* for respondent.